# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE MIGUEL SANTISTEBAN CALVENTE,

      Petitioner,

v.

                                    Case No. 2:26-cv-02152-MIS-SCY

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security; DAVID
VENTURELLA, in his official capacity as
Acting Director of the U.S. Immigration and
Customs Enforcement; MARY DE ANDA-
YBARRA, in her official capacity as El Paso
Field Office Director, U.S. Immigration and
Customs Enforcement; and WARDEN of the
Otero County Processing Center,

      Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Jose Miguel Santisteban Calvente's

Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 2, 2026.

Respondents Todd Blanche, Markwayne Mullin, David Venturella, and Mary De Anda-Ybarra

("Federal Respondents"),[1] filed a Response on July 14, 2026, ECF No. 7.

Petitioner is a citizen of Cuba who entered the country in 2022, was released on his own

recognizance, and has not departed since. Pet. ¶¶ 1-3, ECF No. 1. Petitioner has complied with all

---

[1]     Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

conditions of his release. Id. ¶ 3-6. Petitioner has no criminal history. Id. ¶ 53. Petitioner has been in ICE custody since May 29, 2026. Id. ¶ 8. Petitioner seeks immediate release or a bond hearing based on violations of 8 U.S.C. § 1226(a) and his Fifth Amendment rights. Id. at 11-14.

Respondents argue for preservation purposes that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 2. Respondents acknowledge, however, "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court." Id. (citing ___ F.4th ___, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)) (footnote omitted). Respondents argue "a bond hearing would be the appropriate remedy . . . rather than direct release." Id.

The Court finds this case falls under Santillan Quiroz. 2026 WL 1876709, *8. Section 1226(a) governs Petitioner's detention and he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1.      Petitioner Jose Miguel Santisteban Calvente's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner from detention;

2

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL NOT** impose any new condition of release;

5. Respondents **SHALL** file a Notice of Compliance with this Order; and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE